Affirmed and Memorandum Opinion filed December 15, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00294-CR

___________________

 

Celbin Alexis Galo-Martinez,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 351st District Court

Harris County,
Texas



Trial Court Cause No. 1066099

 



 

 

MEMORANDUM OPINION

            A jury found appellant, Celbin
Alexis Galo-Martinez, guilty of the felony offense of aggravated robbery.  See
Tex. Penal Code Ann. § 29.03 (Vernon 2009).  The jury assessed punishment
at incarceration for life in the Texas Department of Criminal Justice,
Institutional Division, and a $10,000.00 fine.  In four issues, appellant
challenges the trial court’s denial of his motion to suppress evidence obtained
by an allegedly illegal search and seizure.  We affirm.  

Factual and Procedural Background

            On April 18, 2006, a man robbed a cellular phone
store and threatened two female employees of the store with a pistol.  Officer
David Johnson of the Houston Police Department met with the two women and obtained
a description of the suspect.  Houston Police Officer Todd Tyler put together a
photospread and showed it to the two female employees of the phone store.  Both
identified appellant as the robber.  Houston Police Officer David Young obtained
information that appellant was living at 2724 Broadway, apartment 13.  Officer
Young knocked on the door of apartment 13 and when appellant answered, Officer
Young immediately arrested appellant pursuant to a valid arrest warrant. 
Following appellant’s arrest, Officer Young obtained written consent from
Claudia Ortiz, a woman present in the apartment at the time of arrest, to
search the apartment.[1] 
Inside the apartment, Officer Young found a shopping bag containing cellular
phones. The cellular phones were later identified by serial numbers as the
phones stolen from the cellular phone store.  

            Appellant was charged with aggravated robbery. 
Before his trial began, he filed a motion to suppress evidence obtained from
the search of his apartment.  After a hearing outside the jury’s presence, the
trial court denied appellant’s motion.  Appellant pleaded “not guilty” and the
case was tried to a jury.  The jury found appellant guilty of aggravated
robbery and assessed his punishment at life in prison and a fine of $10,000.00. 
Appellant timely filed this appeal.    

Discussion

            Appellant contends the trial court erred in denying
his motion to suppress in four issues: (1) the trial court committed reversible
error by denying appellant’s motion to suppress evidence seized in violation of
the Fourth Amendment of the United States Constitution, (2) the trial court
committed reversible error by denying appellant’s motion to suppress evidence
seized in violation of Article 1 Section 9 of the Texas Constitution, [2] (3) the State
failed to prove that the third party consenting to the search of appellant’s
apartment had actual or apparent authority to consent, and (4) the State failed
to prove that the third party consenting to the search and seizure of the bag
containing the stolen telephones had actual or apparent authority to consent to
the bag search.[3] 
We construe appellant’s four issues on appeal as a single issue: whether the third
party consenting to the search had apparent authority to consent.      

I.         Standard of Review 

            A bifurcated standard of review is applied
to a trial court’s ruling on a motion to suppress evidence.  See Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  An appellate court
affords almost total deference to a trial court’s determination of historical
facts supported by the record, especially when the trial court’s findings are
based on an evaluation of credibility and demeanor.  Id.  The appellate
court affords the same amount of deference to a trial court’s ruling on mixed
questions of law and fact if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Id.  The court reviews de
novo those questions not turning on credibility and demeanor.  Id. 
At a suppression hearing, the trial court is the exclusive trier of fact and
judge of the credibility of the witnesses.  Mason v. State, 116 S.W.3d
248, 256 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  If the trial
judge’s decision is correct under any theory of law applicable to the case, the
decision will be sustained.  State v. Ross, 32 S.W.3d 853, 855–56 (Tex.
Crim. App. 2000).

II.        Applicable Law

            The Fourth Amendment protects individuals
against unreasonable searches and seizures.  U.S.
Const. amend. IV.  A warrantless search by police officers of a
residence does not violate constitutional protections against unreasonable searches
and seizures if the officers have obtained consent of a third party possessing
common authority over the premises.  United States v. Matlock, 415 U.S.
164, 171, 94 S. Ct. 988, 993, 39 L. Ed. 242 (1974); Welch v. State, 93
S.W.3d 50, 52 (Tex. Crim. App. 2002).  If consent is not obtained from someone
with actual authority to consent, the search nevertheless may be proper if the consenting
person had apparent authority.  See Illinois v. Rodriguez, 497 U.S. 177,
188–89, 110 S. Ct. 2793, 2801, 111 L. Ed. 2d 148 (1990); Brown v. State,
212 S.W.3d 852, 868 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  A third
party’s consent is valid if the facts available to the officer at the time of
the search would warrant a person of reasonable caution in believing that the
consenting party had authority over the premises.  Brown, 212 S.W.3d at
868.  If an officer reasonably believed that the third party had common
authority over the place to be searched, then his good faith mistake will not
invalidate the search.  Id.  This deference does not mean, however, that
the officer may rely on consent given in ambiguous circumstances or when it
appears clearly unreasonable to believe the third party is clothed with authority
to give consent.  Id.  

III.      Analysis 

            Officer Young testified he obtained
information that appellant was living at 2724 Broadway, apartment 13.  Office
Young showed a neighbor in the apartment complex a photo of appellant and the
neighbor verified that appellant lived at apartment 13.  Another officer
obtained the lease application for apartment 13.  The lease application listed
the applicant’s name as Claudio Raudalez and the spouse’s name as Claudia
Ortiz.  Claudia Ortiz’s signature was also at the bottom of the lease in a
signature blank designated for the “tenant applicant.”  Officer Young testified
that he knocked on the door to apartment 13 and appellant opened it.  Officer
Young immediately arrested appellant.  Claudia Ortiz was also present in the
apartment at this time.  Ortiz confirmed it was her apartment.  The officers
obtained Ortiz’s written consent to search the apartment, while appellant stood
by silently.  The officers found a bag of cellular phones, which Ortiz informed
the officers appellant had brought home a day before.  

            Appellant does not dispute that Ortiz voluntarily
gave the officers permission to search the apartment, but instead argues the
trial court erred in finding Ortiz had apparent authority to grant such
permission.  Thus, the resolution of appellant’s issues turns on whether the
officers’ belief that Ortiz had authority to consent to a search of the
apartment was reasonable under the facts and circumstances known to them at the
time.

            Before the search, the officers obtained a rental
application with Ortiz’s name listed as spouse of the applicant.  Additionally,
she signed the application as a “tenant applicant.”  When the police arrived at
the apartment she identified herself as Claudia Ortiz and informed the officers
it was her apartment.  Furthermore, appellant did not object to the search.  The
officers reasonably could have concluded Ortiz had authority to consent to a
search of apartment 13.  The circumstances were not ambiguous; Ortiz informed
the officers it was her apartment and this was confirmed by the rental
application.  Accordingly, the trial court properly found Ortiz had apparent
authority to permit Officer Young to search apartment 13.  See Maxwell v.
State, 73 S.W.3d 278, 280–81 (Tex. Crim. App. 2002) (co-driver of
defendant’s tractor-trailer had apparent authority to consent to the search of
vehicle when consent was given in defendant’s presence and defendant made no
objection); Brown, 212 S.W.3d at 867–68 (female identifying herself to
officer as “staying in the room” believed to be rented by suspect had apparent
authority to consent to officer’s entry); Whisenhunt v. State, 122
S.W.3d 295, 297–301 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (defendant’s
housemate who called police to investigate burglary of residence had apparent
authority to consent to officer’s entry into defendant’s room).

            Accordingly, we overrule all of appellant’s
issues on appeal.

Conclusion

            Having overruled all of appellant’s issues on
appeal, we affirm the judgment of the trial court.  

 

 

 

                                                                                    /s/        John
S. Anderson

                                                                                                Justice

 

 

 

Panel consists of Justices
Anderson, Boyce and Mirabal. [4]

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1] Officer Young had an
arrest warrant for appellant, but did not have a search warrant for the
apartment.  





[2] Although appellant argues
his rights were violated under both the United States Constitution and the
Texas Constitution, appellant has failed to provide any argument or authority
that the Texas Constitution provides him greater protection than the United
States Constitution with regard to the law on third-party consent.  The only
distinction appellant makes between his rights under each claim is with regard
to the voluntariness of the consent to search—an issue he has not raised
on appeal.  Therefore, we will analyze appellant’s issue using federal
constitutional principles.  See Johnson v. State, 853 S.W.2d 527, 533
(Tex. Crim. App. 1992) (declining to address appellant’s arguments regarding
his state constitutional rights when appellant did not distinguish between the
United States Constitution and the Texas Constitution).      





[3] Appellant has not
provided any authority differentiating between consent to search a residence
and consent to search a bag within the residence.  The standard for measuring
the scope of a consenting person’s consent under the Fourth Amendment is that
of “objective reasonableness,” i.e., what the typical reasonable person
would have understood from the exchange between the officer and the consenting
person.  See Simpson v. State, 29 S.W.3d 324, 330 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d).  We hold it is objectively
reasonable for consent to search an entire apartment to include consent to
search open shopping bags within the apartment.     





[4] Senior Justice Senior
Margaret G. Mirabal sitting by assignment.